# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN MARSHALL HARLAN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0963 |
| | § | |
| BANK OF AMERICA INC., *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This employment case is before the Court on Plaintiff John Marshall Harlan's Motion for Leave to Amend Complaint ("Motion to Amend") [Doc. # 28], in which he seeks to file a second amended complaint adding Mr. Chris Watts as "Defendant Superior." Defendants (referred to herein collectively as "Bank of America") filed their Response [Doc. # 29] in opposition to the Motion, and the Court **denies** the Motion to Amend.

Plaintiff's Motion to Amend was filed October 30, 2006, with a cover letter dated October 23, 2006. During a conference on September 27, 2006, the Court extended the deadline for Plaintiff to file an amended complaint to October 20, 2006. *See* Hearing Minutes and Order [Doc. # 25]. As a result, the Motion to Amend was filed after the extended deadline for amendments.

Leave to amend after the deadlines granted in the court's scheduling order is guided by Rule 16 of the Federal Rules of Civil Procedure.  "Federal Rule of Civil Procedure 16(b) governs amendment of pleadings once a scheduling order has been issued by the district court.  Rule 16(b) provides that a scheduling order 'shall not be modified except upon a showing of good cause and by leave of the district judge.'  The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"  *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S & W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990))).  The Fifth Circuit explained: "In determining good cause, we consider four factors: '(1) the explanation for the failure to timely move for leave to amend;  (2) the importance of the amendment;  (3) potential prejudice in allowing the amendment;  and (4) the availability of a continuance to cure such prejudice.'"  *Id.* at 546 (citing *S & W Enters.*, 315 F.3d at 535).

Plaintiff provides no good explanation for his delay in seeking to add Mr. Watts as a Defendant in this case.  He claims that he failed to file a timely motion because of unspecified "medical procedures, work related travel, and searching for an attorney to accept this case . . . ."  Although Plaintiff asserts that he did not previously know about

Mr. Watts' alleged hostile action against another Bank of America employee, the pleadings make clear that Plaintiff has known since he filed his original Complaint on March 23, 2006, and since he filed his Amended Complaint on June 21, 2006, that Mr. Watts is the individual at Bank of America whom Plaintiff believes violated his various rights.

In addition, the amendment is not important from a legal standpoint, because Bank of America, the existing Defendant, is the entity which could have potential liability under the claims asserted by Plaintiff in this case. Indeed, the proposed amendment would be futile because it would be subject to dismissal for a variety of reasons. The Age Discrimination in Employment Act and the Americans with Disabilities Act do not provide for claims against an individual supervisor. *See Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996); *Shabazz v. Texas Youth Comm'n*, 300 F. Supp. 2d 476, 473 (N.D. Tex. 2003). Similarly, the Health Insurance Portability and Accountability Act ("HIPAA") extends only to listed entities, and an individual supervisor is not a covered entity. *See* 42 U.S.C. § 1320d-1; 45 C.F.R. §§ 160.102, 160.103. Plaintiff's defamation claim against Mr. Watts would be barred by the one-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE § 16.002(a).

The existing Defendant will be prejudiced by the amendment because it has already engaged in discovery. Equally important, Mr. Watts would be prejudiced by

the untimely amendment because he would be required to retain counsel and file a Motion to Dismiss and the related briefing. This added expense to Defendants (and Mr. Watts) is prejudice that cannot be remedied by an extension of the existing deadlines.

Plaintiff has not shown good cause for leave to file an untimely second amended complaint adding futile claims against a new defendant. As a result, it is hereby

**ORDERED** that Plaintiff's Motion to Amend [Doc. # 28] is **DENIED**.

SIGNED at Houston, Texas, this **27th** day of **November, 2006**.

Nancy F. Atlas
United States District Judge